IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL LORRIE MORRISON, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 16-1572 |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application for benefits alleging she had been disabled since January 14, 2013. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), Joanna Papazekos, held a hearing on May 18, 2015. (ECF No. 8-3). On August 7, 2015, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 13-25). Plaintiff appeals that decision. After exhausting all administrative remedies, Plaintiff filed this action.

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as Amore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.@ *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

### B. Residual Functional Capacity (RFC)[2]

Plaintiff argues that the ALJ erred in determining her RFC. (ECF No. 11, pp. 4-11). Specifically, Plaintiff submits that because the ALJ found she has certain severe impairments (residual clipping of the middle cerebral artery and post-concussion syndrome), she was required to make an accommodation for those impairments in her RFC. (ECF No. 11, pp. 4-11). I disagree. "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff had the RFC to perform light work with limitations. (ECF No. 8-2, p. 19).

impaired precedes a separate determination of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC."). Therefore, I find no merit to this argument.

Plaintiff also asserts that the ALJ erred in failing to discuss her headaches. (ECF No. 11, pp. 9-11). In support thereof, Plaintiff points to evidence that supports her position that she has limitations related to her headaches. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support is misplaced.

In discussing Plaintiff's ability to work on a full-time basis, the ALJ set forth the medications used by Plaintiff and noted that there were none listed to relieve symptoms of pain. (ECF No. 8-2, p. 20). Thus, the ALJ found that Plaintiff's symptoms of pain are manageable without medical intervention. *Id.* With regard to her headaches, Plaintiff testified that she was taking only over-the-counter medication for her headaches. (ECF No. 8-3, p. 23). The ALJ recognized that Plaintiff testified to "other medically determinable impairments that have not caused more than a slight limitation of the ability to perform basic work activities…." (ECF No. 8-2, p. 16). An ALJ must base her RFC assessment on all of the relevant evidence of record. 20 C.F.R. §§ 404.1545(a), 416.945(a). In her opinion, the ALJ must provide sufficient explanation of her final determination to provide the reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981). That is, the ALJ's decision must allow the court to determine whether any rejection of potentially pertinent, relevant

4

evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203–04 (3d Cir. 2008); *see also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir.2001) (the ALJ's decision should allow the reviewing court the ability to determine if "significant probative evidence was not credited or simply ignored."). In this case, I find the ALJ discussed and thoroughly considered Plaintiff's ability to function mentally, including all severe and non-severe impairments such that I am able to make a proper and meaningful review. (ECF No. 8-2, pp. 13-25). I further find that the ALJ properly reviewed the same and that the RFC is based on substantial evidence. Therefore, remand on this basis is not warranted.

### C. Treating Physician

Plaintiff submits that the ALJ erred in failing to account for the limitation in her activities of daily living as opined by her treating physician, Dr. Galang. (ECF No. 11, pp. 11-13). Plaintiff notes that Dr. Galang opined that her activities of daily living were frequently impacted by her impairments and suggests that the ALJ did not address the same. *Id.* Plaintiff, therefore, concludes that I am unable to conduct a meaningful review. *Id.* at pp. 8-11. After a review of the record, I disagree.

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at

5

121-122, *quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ properly took into account Dr. Galang's opinion regarding the impact of her limitations on her activities of daily living when assessing the severity of her impairments and set forth the specific reasons for discounting the same. (ECF No. 8-2, p. 17).

> The first functional area is activities of daily living. In this area, the claimant has no limitation attributable to a mental disorder. I have considered Dr. Galang's response to counsel's questionnaire, in which he indicated that Plaintiff's history of brain injury/surgery would frequently affect her performance of activities of daily living (Exhibit 14F). He did not indicate the degree of any such impact, and his own treatment notes tend to show that it is not great. In a comprehensive neuropsychological evaluation, he noted that the claimant remains able to drive and has 'no difficulties with ADLs' (Exhibit 12F/5). Given this inconsistency, and noting the reason for preparing the two documents, the Administrative Law Judge finds it appropriate to give greater weight to the comprehensive evaluation report whose purpose was to evaluate the need for treatment and initiate a plan of care. The mere statement in a forensic statement that a person has limitations in a certain area cannot overcome clinical evidence showing that no such limitations exist. Claimant's testimony that she drives, is independent in self-care, works part time, and performs household chores, with no indication of impaired mental capacity to do those things, is further evidence that there is no medically determinable mental impairment that would reasonably interfere with the performance of activities of daily living.

(ECF No. 8-2, p. 17). Clearly, contrary to Plaintiff's statement, the ALJ did not "fail to provide any explanation whatsoever as to why the limitation [regarding her ADLs as opined by Dr. Galang] is not accounted for in the RFC finding…." (ECF No. 11, p. 13). Based on the same, I find the ALJ sufficiently and adequately provided the explanation necessary for me to perform a proper and meaningful review and I find no error in this regard. Consequently, I find no merit to this argument.

### D. <u>Credibility</u>

Plaintiff's last argument is dubious at best. (ECF No. 11, pp. 13-15). Plaintiff argues that the ALJ's credibility assessment is defective because she neglected to consider Plaintiff's "stellar

work history." *Id.* at p. 13. To that end, Plaintiff states that her "lengthy and consistent work history is a factor that lends to her credibility. To be clear, Plaintiff is not suggesting that this fact entitles her to enhanced credibility, or that this fact trumps other facts, or anything of the kind. Rather, Plaintiff quite simply states that (1) the ALJ was required to consider it, and (2) did not." *Id.* at p. 14. A simple review of the ALJ's opinion reveals that Plaintiff's argument has no merit. In assessing her residual functional capacity, the ALJ specifically addresses the same stating: "She has a good work history before the alleged onset date (Exhibit 2D); and her current part-time employment bespeaks a strong work ethic." (ECF No. 8-2, p. 20). Thus, contrary to Plaintiff's assertion otherwise, the ALJ clearly and directly considered Plaintiff's work history in assessing her credibility. *Id.* Therefore, remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL LORRIE MORRISON,    )<br>                                        )<br>        Plaintiff,           )<br>                                        )<br>  -vs-                              )<br>                                        )<br>NANCY A. BERRYHILL,[3]     )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>                                        )<br>        Defendant.         ) | Civil Action No.   16-1572 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 11th day of January, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                                             BY THE COURT:

                                                             s/   Donetta W. Ambrose
                                                             Donetta W. Ambrose
                                                             United States Senior District Judge

---

[3]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.